```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
    _____

    STARBUCKS CORPORATION,
                                         Civil No. 14-0041 (NLH/AMD)
         Plaintiff,

         v.                              OPINION

    WELLSHIRE FARMS, INC., and
    HAHN BROS., INC.,

         Defendants.


    WELLSHIRE FARMS, INC.,

         Third Party Plaintiff,

         v.

    SK FOOD GROUP, INC.,

         Third Party Defendant.
    _____
```

**APPEARANCES**:

JUDITH BOND JENNISON
JAMES F. WILLIAMS (pro hac vice)
J. CAMILLE FISHER (pro hac vice)
PERKINS COIE LLP
1201 THIRD AVENUE
SUITE 4900
SEATTLE, WA 98101
    On behalf of Starbucks Corporation

CATHERINE JEAN BICK
JAMES MURDOCK ANDREWS
MATTHEW N. FIOROVANTI
GIORDANO HALLERAN & CIESLA, P.C.
125 HALF MILE ROAD
SUITE 300
RED BANK, NJ 07701
    On behalf of Wellshire Farms, Inc.

```
MARGARET F. CATALANO
TIMOTHY BOYD PARLIN
HEATHER R. BEYGO (pro hac vice)
KIMBERLY L. LIMBRICK (pro hac vice)
CAROLL, MCNULTY & KULL, LLC
120 MOUNTAIN VIEW BOULEVARD
PO BOX 650
BASKING RIDGE, NJ 07920
     On behalf of Hahn Bros., Inc.

VALERIE A. HAMILTON
GEORGE R. HIRSCH
SILLS CUMMIS & GROSS, P.C.
600 COLLEGE ROAD EAST
PRINCETON, NJ 08540

ROBERT J. CURRAN (pro hac vice)
JAMES M. SHAKER (pro hac vice)
TERUYUKI S. OLSEN (pro hac vice)
RYAN, SWANSON & CLEVELAND, PLLC
1201 THIRD AVENUE, SUITE 3400
SEATTLE, WA 98101-3034
     On behalf of SK Food Group, Inc.
```

**HILLMAN, District Judge**

This case concerns the quality of ham in breakfast and lunch sandwiches sold at plaintiff Starbucks Corporation ("Starbucks") locations throughout the United States and Canada.[1] Presently before the Court is the motion of third party defendant SK Food Group, Inc. ("SK Food") to dismiss the claims against it asserted by defendant/third party plaintiff Wellshire Farms, Inc. ("Wellshire"). Also pending is SK Food's motion to

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

2

seal its motion to dismiss.  For the reasons expressed below, SK Food's motion to seal and motion to dismissed will both be denied without prejudice.

## BACKGROUND

According to Starbucks's complaint, in 2007 Starbucks entered into a contract with SK Food, in which SK Food agreed to assemble, package, and deliver warm breakfast ham sandwiches to Starbucks locations in the western United States and Canada.  In 2008, Starbucks hired SK Food and other sandwich assembly companies to use Wellshire ham in making warm and cold ham sandwiches for distribution to Starbucks stores throughout the United States and Canada.

In September 2010, Starbucks started to receive customer complaints about the ham in Starbucks sandwiches.  Customers complained that the ham was discolored, had an unusual taste, and appeared spoiled.  Starbucks informed Wellshire of the complaints, and in October 2010, Starbucks issued "Stop Sell and Discard" notices for the warm breakfast sandwiches.  Starbucks also investigated, discovered quality issues with the ham being provided by Wellshire, and issued a "Corrective Action Plan" to SK Food.  Soon thereafter, Starbucks learned for the first time that Hahn, and not Wellshire, was actually producing the ham.  Starbucks claims that Wellshire had entered into an agreement with Hahn to satisfy its obligation to provide Black Forest ham

3

for Starbucks sandwiches.

After tests revealed bacteria in the ham sandwiches, on December 23, 2010 Starbucks ordered all sandwich assemblers to stop making sandwiches using Wellshire ham.  Starbucks entered into a settlement agreement with four of the ham sandwich assemblers to compensate them for their losses.[2]  In return, the ham sandwich assemblers assigned their rights to Starbucks to bring claims against Wellshire and Hahn for their losses.

In 2011, Wellshire filed suit in the District of New Jersey against SK Food and Hahn regarding the Starbucks ham sandwich issues.  See Civil Action No. 11-1859 (JEI/KMW).  Wellshire claimed that it contracted with Hahn to produce the ham that was provided to three sandwich assembly companies, including SK Food, which prepared the warm breakfast ham sandwiches. Wellshire claimed that SK Food's assembly process, where SK Food would slice the ham, store it, and then assemble it with eggs, cheese and rolls it supplied, caused the sandwiches to be contaminated with listeria monocytongenes, rather than from the ham itself.  SK Food denied Wellshire's claims, and filed a counterclaim against Wellshire and a third party complaint against Hahn.  The parties settled the case in September 2012

---

[2] Starbucks' complaint does not indicate whether it has asserted claims against SK Food or otherwise resolved any claims between them.

4

pursuant to a confidential settlement agreement.

In this case, Starbucks has asserted claims against Wellshire for breach of the implied warranty of merchantability and breach of the implied warranty of fitness for particular purpose, negligent misrepresentation, and unfair and deceptive trade practices.[3]  Wellshire has filed a third party complaint against SK Food that asserts two counts.  The basis for the first count is redacted, and the second count contains redacted information but reveals it is a claim for SK Food's breach of the duty of good faith and fair dealing it owed to Wellshire.  Wellshire was permitted to file a redacted third party complaint by the Magistrate Judge's Order granting its motion pursuant to Local Civil Rule 5.3(c)(1).  (See Docket No. 85.)  The Magistrate Judge found that good cause existed to seal portions of Wellshire's third party complaint because it referred to terms of a private settlement agreement.

SK Food has filed a motion to dismiss Wellshire's third party complaint.  SK Food's motion is significantly redacted, as is Wellshire's opposition.  Concurrently, SK Food has filed a motion to seal pursuant to L. Civ. Rule 5.3(c)(1), which Wellshire joins.

---

[3]Starbucks has also asserted claims against both Wellshire and Hahn for breach of the ham sandwich assembler agreements and Starbucks' third-party beneficiary rights, as well as a claim for negligence.

5

In order to restrict public access to information, a party must demonstrate: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.  L. Civ. R. 5.3(c)(2).  The basis for SK Food's motion to seal is that the Magistrate Judge's Order granting the redaction of Wellshire's third party complaint satisfies the elements to justify the redaction of the parties' briefs on the motion to dismiss.

The Court finds that the order allowing the filing of a redacted third party complaint cannot, by itself, support the redaction of the briefing relating to SK Food's motion to dismiss.  Even though the Magistrate Judge considered the four elements of L. Civ. Rule 5.3(c)(2) and determined that Wellshire met those elements relative to the filing of its third party complaint, SK Food must raise its arguments for why the seal should continue for its motion to dismiss.  The Court understands that in filing its motion, SK Food was unable to openly refer to Wellshire's claims against it due to Wellshire's redaction of the very claims it seeks to dismiss.  The viability of the Magistrate Judge's Order must be revisited, however, now that SK Food is asking the Court to perform a substantive

analysis of Wellshire's claims. See In re Cendant, Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted) ("It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records."); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786-87 (3d Cir. 1994) (citation omitted) (explaining that protective orders and orders of confidentiality are functionally similar, and require similar balancing between public and private concerns, and the "burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order"); id. (quoting City of Hartford v. Chase, 942 F.2d 130, 136 (2d Cir. 1991) ("'We do not . . . give parties carte blanche either to seal documents related to a settlement agreement or to withhold documents they deem so 'related.' Rather, the trial court--not the parties themselves--should scrutinize every such agreement involving the sealing of court papers and [determine] what, if any, of them are to be sealed, and it is only after very careful, particularized review by the court that a Confidentiality Order may be executed.'").

After reviewing the un-redacted briefs, the Court is not convinced that some general elements of the parties' settlement agreement cannot be revealed so that Wellshire's claims against SK Food can be assessed, while at the same time protecting the

7

confidentiality of the particulars of the parties' settlement.[4] See Pansy, 23 F.3d at 786 (explaining that "orders of confidentiality . . . are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings," but that "whether an order of confidentiality is granted at the discovery stage or any other stage of litigation, including settlement, good cause must be demonstrated to justify the order").

To that end, the Court directs the parties to confer and file a renewed motion to seal, jointly if they can agree, regarding Wellshire's third party complaint and SK Food's motion to dismiss. The parties are encouraged to propose a less restrictive alternative to the current redactions that would allow the Court to balance the parties' desire for confidentiality of their private agreement with the right of the public to access judicial proceedings and records. Once the scope of the order to seal, if any, is determined, the Court will then consider SK Food's motion to dismiss, which SK Food may renew by letter brief if it chooses to rest on its current

---

[4] The Court does not have an un-redacted version of Wellshire's third party complaint. The Court directs Wellshire to send to chambers an un-redacted copy of its third party complaint, in addition to the parties' courtesy copies of their un-redacted briefing relating to the renewed motion to seal.

briefing.[5]

Accordingly, the Court will deny SK Food's motion to seal and motion to dismiss without prejudice. An accompanying Order will be entered.


Date:  March 11, 2015                    s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[5] When reviewing the terms of the settlement agreement, it appears that Wellshire's claims against SK Food may not be precluded, but it also appears that there may be an issue concerning ripeness. See National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 808 (2003) ("The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction, but, even in a case raising only prudential concerns, the question of ripeness may be considered on a court's own motion." (internal quotations and citation omitted)). The Court will issue a full analysis of SK Food's motion to dismiss once the parameters of any sealing order are set.

9